## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRUCE WETHERBEE,**

    Plaintiff,

vs.                                                                                                  CV 08-688 MCA/ACT

**LAURIE HUDSON**, Individually and as
an Officer of I.A.T.S.E. Local 480,
**GUY BARNES, WENDY OSLOS-BARNES**,
Individually and as an Officer of I.A.T.S.E. Local 480,
**R.A. ARNCIO-PARRAIN**,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on pro se Plaintiff Bruce Wetherbee's *Motion to Dismiss Without Prejudice* [Wetherbee's claims against Laurie Hudson]*, or in the Alternative, Motion for Additional Time to Retain Counsel to Provide Adequate Response to Defendant Hudson's Motion to Dismiss,* filed December 24, 2008 (Doc. 15); on his *Stipulated Motion to Dismiss with Prejudice* Wetherbee's claims against Defendants Guy Barnes, Wendy Ozols-Barnes, and R.A. Arancio-Parrain[1], filed January 16, 2009 (Doc. 18); and on the Defendants' joint *Motion to Dismiss* Wetherbee's Complaint for lack of jurisdiction and/or for failure to state a claim, filed December 8, 2008 (Doc. 14).  The Court, having considered the parties' arguments and the relevant law, and otherwise being fully advised in the premises, finds that the stipulated motion to dismiss should be granted, and that Wetherbee's claims against Hudson should be dismissed without prejudice.

---

[1] The Court notes that Wetherbee misspelled the last names of Defendants Ozols-Barnes and Arancio-Parrain, *see* Doc. 14, Exs. E at 2, F at 2., and has used the proper spelling in the Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Defendants and Wetherbee all are members of the I.A.T.S.E. Local #480 Union of movie and theater workers. Wetherbee filed his Complaint against the Defendants in July, 2008 after he became unhappy with what he perceived as a "conversion" of the Union's alleged "interests in" and "control of" a private Limited Liability Corporation, a non-profit entity, and a Trust, collectively known as the Big House Prop House ("BHPH") entities. *See* Complaint (Doc. 1) at 1-2. According to the Complaint, the four Defendants all are founders and officers and/or directors of the BHPH entities. *See id.* at 1. Wetherbee contends that the Union was the "originator" of an enterprise that the Defendants developed into the BHPH private entities and then controlled. *Id.* at 2. Because Hudson and Ozols-Barnes were also officers of the Union, Wetherbee contends that they breached their fiduciary duties to the Union under the federal Labor Management and Disclosure Reporting Act ("LMDRA"), 29 U.S.C. § 501(a), by conspiring to convert money and property belonging to the Union and by failing to file certain reports. *See id.* The Complaint states that, although Union officers told Wetherbee that "control of the BHPH and accounts had been turned over to the [Union]" before Wetherbee filed his Complaint, the new secretary/treasurer of the Union told him that Hudson still was the signatory on the BHPH accounts. *Id.* Wetherbee contends that he has a right to examine the records of the BHPH private entities because of his membership in the Union and requests an order requiring the entities to release their records to the Union. *See id.* He also requests an order returning "complete" control of the "assets and money of BHPH" to the Union, together with an accounting. *Id.* at 3.

**ANALYSIS**

**1. THE COURT APPROVES THE STIPULATED DISMISSAL.**

In the stipulated motion to dismiss, Wetherbee states that he, the Union, and Defendants

2

Barnes, Ozols-Barnes, and Arancio-Parrain "have agreed to settle all matters pertaining to the subject matter of the complaint out of court." Doc. 18 at 1. FED. R. CIV. P. 41(a)(1)(A)(ii), however, provides that a plaintiff may voluntarily dismiss an action without obtaining a court order by filing "a stipulation of dismissal signed by *all* parties who have appeared." (italics added). Here, because Hudson has appeared but has not signed the stipulated dismissal, Rule 41(a)(1)(A)(ii) does not apply, and the Court must approve the stipulated dismissal by order. *See* FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Because the stipulated dismissal is with prejudice and affects only the Defendants who signed it, the Court considers the dismissal with prejudice to be proper without imposing additional terms and approves it.

**2. THE COURT WILL GRANT THE MOTION TO DISMISS CLAIMS AGAINST HUDSON WITHOUT PREJUDICE.**

In his motion to dismiss claims against Hudson without prejudice, Wetherbee states that, although Hudson participated in the settlement negotiations, she did not "participate in the settlement arrangements" that the other Defendants agreed to. Doc. 15 at 1. He states that, "his original complaint's goals have been generally satisfied," through the settlement and that those arrangements "provide for the removal of Hudson from control" of the BHPH entities. *Id.* at 2. He also states that the Union and its members have voted to accept the settlement agreement and states that, "as long as the plan and agreement are enforceable, there is no reason to continue with his complaint as it relates to defendant Hudson." *Id.* He desires dismissal without prejudice against Hudson, however, so that, if control of any of the BHPH entities is not successfully removed from Hudson, he may "revisit" the issues. *Id.* Alternatively, if the Court does not dismiss the suit against Hudson without prejudice, Wetherbee requests additional time to retain counsel and oppose

3

Hudson's motion to dismiss with prejudice. *See id.* at 3.

Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotation marks omitted). In resolving Wetherbee's motion to dismiss his claims against Hudson without prejudice, the Court should consider the following factors to assess "legal prejudice" to Hudson: (1) her "effort and expense of preparation for trial;" (2) Wetherbee's "excessive delay and lack of diligence . . . in prosecuting the action;" and (3) any "insufficient explanation for the need to take a dismissal." *Id.* But these factors are not exhaustive, and a district court may also consider other relevant factors in its Rule 41(a)(2) analysis, like whether Hudson has filed a motion for summary judgment, for example. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (noting that the factors listed in *Clark v. Tansy* are "not exclusive; rather, they are guides for the district court").

Hudson contends that the Court no longer has jurisdiction over this case because, having dismissed his claims against the other three Defendants and having admitted that his goals were "generally satisfied" by his settlement agreement with them, there is no longer a live controversy between Wetherbee and the Defendants. *See* Doc. 16 at 2. Hudson also argues that the Court should not extend the time in which to respond to the motion to dismiss[2] because the request is untimely

---

[2] The Court notes that the Defendants' motion to dismiss contain counsel's statements regarding matters not discussed in the Complaint and also attaches several affidavits for the Court's consideration. Generally, "[w]hen evaluating a Rule 12(b)(6) motion, [the court] cannot consider information outside the complaint without converting the motion to one for summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). The Court therefore could not convert the motion to dismiss into one for summary judgment without giving Wetherbee an opportunity to respond and would otherwise have to disregard the historical and factual averments contained in the brief. Further, because the attachments are not referred to in the Complaint, and because they do not relate to the Court's subject-matter jurisdiction, the Court would have to disregard them. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42

and because Wetherbee has had months to retain counsel and has disregarded the rules of procedure.

Hudson also contends that Wetherbee's motion for voluntarily dismissal without prejudice should be denied because Wetherbee has not complied with the Court's July 28, 2008 Order denying Wetherbee's motion for emergency injunctive relief, in which the Court alerted Wetherbee that he had not complied with the requirements of 29 U.S.C. § 501(b) and would need to amend his Complaint; and because Wetherbee did not serve Hudson until only one day before the 120-day time limit of Fed. R. Civ. Pro. 4(m) had expired.

The Court still has jurisdiction over this case because a live controversy continues to exist between Hudson and Wetherbee, notwithstanding Wetherbee's settlement with the other Defendants that may result in Hudson no longer having control over the BHPH entities and assets. It is possible, for example, that Hudson could establish that the Union in fact has no legal or equitable interest in the BHPH entities and, therefore, that the Union could not force her to relinquish her interests in those entities.

The Court finds that Hudson will not suffer significant legal prejudice by the dismissal without prejudice of Wetherbee's claims at this stage in the proceedings. Hudson has not expended significant resources in defending against the suit and her motion to dismiss contained matters properly addressed only in a motion for summary judgment; Wetherbee has not excessively delayed the prosecution of the suit, having engaged in settlement negotiations during its pendency; and Wetherbee's explanation for the need to take a dismissal is sufficient. Because of Wetherbee's failures to adhere to the rules of civil procedure and to amend his complaint after being alerted to

---

(10th Cir. 2002) (holding that a court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute authenticity). The Court notes that there are several factual matters to resolve before the Court could rule on issues raised in the motion to dismiss, like Wetherbee's standing to bring suit.

the need to do so, however, the Court will impose the following curative conditions.  If Wetherbee files a suit in the future against Hudson regarding these or related issues by asserting jurisdiction under the LMDRA, he must first comply with the requirements of § 501(b), and, since he has already stated that he wishes to retain counsel to address Hudson's legal arguments, he must be represented by counsel.

**IT IS ORDERED** that Wetherbee's *Motion to Dismiss Without Prejudice* (Doc. 15) is GRANTED;

**IT IS FURTHER ORDERED** that Wetherbee's *Stipulated Motion to Dismiss with Prejudice* (Doc. 18) is GRANTED;

**IT IS FURTHER ORDERED** that the Defendants' joint *Motion to Dismiss* (Doc. 14) is DENIED as moot; and

**IT IS FURTHER ORDERED** that Wetherbee's claims against Defendants Guy Barnes, Wendy Ozols-Barnes, and R.A. Arancio-Parrain are DISMISSED WITH PREJUDICE; and that his claims against Defendant Laurie Hudson are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED** this 29thday of April, 2009, in Albuquerque, New Mexico.

_____
  **M. CHRISTINA ARMIJO**
  United States District Judge